UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. L. HOWZE,<br><br>    Plaintiff,<br><br>v.<br><br>JANE DOE, et al.,<br><br>    Defendants. | Case No. 19-cv-02174-RS (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff is ordered to show cause on or before **October 21, 2019** why 28 U.S.C. § 1915(g) does not bar pauper status for him. **If plaintiff fails to show cause or pay the full filing fee of $400.00 by that date, this federal civil rights action will be dismissed.**

Plaintiff, a state prisoner and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Plaintiff may not be entitled to proceed IFP.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise sua sponte the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they fail to state a claim upon which relief may be granted:

**(1)** *Howze v. CDCR*, No. 2:14-cv-04067-SVW-RAO (C.D. Cal. Aug. 1, 2018) (suit dismissed for failure to state a claim);

**(2)** *Howze v. Mela*, No. 2:13-cv-01610-UA-RZ (C.D. Cal. Mar. 19, 2013) (suit dismissed and IFP application denied because the action was frivolous, malicious, or it failed to state a claim for relief; dismissal order noted that this case can constitute a strike under *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008));

**(3)** *Howze v. Vela*, No. 2:13-cv-04422-UA-RZ (C.D. Cal. Jul. 15, 2013) (suit dismissed and IFP application denied because the action was frivolous, malicious, or it failed to state a claim for relief; dismissal order noted that this case can constitute a strike under *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008));

**(4)** *Howze v. Vela*, No. 13-56197 (9th Cir. 2013) (Ninth Circuit found the appeal frivolous, denied the motion to proceed IFP, and dismissed after plaintiff failed to pay the filing fee. Such dismissals counts as strikes. *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th

Cir. 2015)).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the Court now orders plaintiff to show cause why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Plaintiff's response to this order to show cause is due no later than **October 21, 2019**. The response must clearly be labelled RESPONSE TO ORDER TO SHOW CAUSE. In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $400.00 by the deadline. **<u>Failure to file an appropriate response, or pay the full filing fee of $400.00, on or before October 21, 2019, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.</u>**

Plaintiff's motion for the appointment of counsel is DENIED as premature. (Dkt. No. 9.) Plaintiff may refile such a motion with his response to this order to show cause. The Clerk shall terminate Dkt. No. 9.

**IT IS SO ORDERED.**

**Dated:** September  9 , 2019

_____
RICHARD SEEBORG
United States District Judge